```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

KIM M. BROWN,

                    Plaintiff,                 MEMORANDUM & ORDER
                                               22-CV-6852(EK)(AYS)

         -against-

ALAN S. TRUST, NEIL ACKERMAN,
KENNETH L. BAUM, SARA C. TEMES,
BARBARA L. SENIAWSKI,
DIANE L. BECKMANN, SCOTT BERNSTEIN,
LALITHA M. VASUDEVAN, JOHN B. BLACK,
and CHARLES K. KINZER,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Kim Brown brings this action *pro se*, alleging various tort violations arising from proceedings in the United States Bankruptcy Court for the Eastern District of New York. In April 2018, Brown filed a Chapter 7 voluntary bankruptcy proceeding, which is pending before Chief Judge Alan Trust. *See In re Kim Brown*, No. 18-72291 (Bankr. E.D.N.Y.). Approximately two weeks later, Brown filed an adversary complaint against various defendants, including the United States Department of Education, seeking the discharge of her student loans from Columbia University. Now, Brown alleges that the defendants here — Chief Judge Trust; certain attorneys representing defendants in the adversary proceeding, including

Assistant United States Attorney Diane Leonardo, who represents the Department of Education; the Chapter 7 trustee; and certain Columbia professors — corrupted those proceedings and infringed her rights.[1]  Brown seeks monetary damages and injunctive relief, including the award of her doctoral degree from Teachers College, Columbia's graduate school of education.  As set forth below, Brown's claims against Chief Judge Trust and Leonardo are dismissed *sua sponte*.

### Discussion

Judges are immune from suit for acts taken in their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity may be pierced only when a judge acts outside the judicial function or in the "complete absence" of jurisdiction.  *Id.* at 11-12.  Even allegations of malice or corruption are insufficient to overcome this immunity.  *Id.* at 11.  When judicial immunity applies, the Court may, on its own, dismiss the complaint "without affording a hearing or other notice of dismissal," notwithstanding whether the plaintiff has paid a filing fee.  *Rolle v. Shields*, No. 16-CV-2487, 2016 WL 3093898, at *1 (E.D.N.Y. June 1, 2016) (*sua sponte* dismissal of complaint for which the plaintiff paid a filing fee), *aff'd*, No. 16-2307,

---

[1] The complaint mistakenly identifies Ms. Leonardo as "Diane L. Beckmann."  *See* Pl. Diane C. Leonardo's Pre-Motion Letter 1, ECF No. 22.

2

2017 WL 6759305 (2d Cir. Apr. 26, 2017); *see also Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (affirming *sua sponte* dismissal of claims — brought without payment of a filing fee — against judges protected by absolute immunity).

Brown's claims against Chief Judge Trust arise from actions that he took in connection with Brown's Chapter 7 and adversary proceedings. Brown contends, for example, that Chief Judge Trust "failed to process [her] motions for default judgment," improperly permitted Kenneth Baum to be "added as a defendant in the adversary proceeding," and "knowingly accept[ed] false debt claims in the bankruptcy matter." Verified Compl. ¶¶ 45, 50, 53, ECF No. 1-1. Chief Judge Trust is entitled to absolute immunity from suit for the alleged conduct and thus must be dismissed from this action.

Absolute immunity also shields Assistant United States Attorney Leonardo from this suit. Government attorneys are absolutely immune for actions taken when defending civil suits in court. *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992). This immunity attaches to a government attorney's "function, not to the manner in which he performed it." *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986). For this reason, whether the government attorney

3

"engaged in questionable or harmful conduct during the course of his representation . . . is irrelevant." *Id.*

Here, Brown's claims against Leonardo relate to Leonardo's defense of the Department of Education in the adversary proceeding. Brown contends that Leonardo "sabotag[ed] [Brown's] right to student loan relief" by, among other things, "blocking [Brown's] borrower defense claim" and "stall[ing]" Brown's motion for default judgment. Verified Compl. ¶¶ 41, 79, 87. Brown further contends that Leonardo "engage[d] in fraud upon the court and bribery." *Id.* ¶ 45. Notwithstanding Brown's contentions that Leonardo engaged in misconduct, Leonardo's alleged actions are protected by immunity. *See Green v. Maurin*, No. 15-CV-3967, 2015 WL 4249205, at *2 (E.D.N.Y. July 13, 2015) (*sua sponte* dismissing claims against assistant United States Attorney for actions he took in defending a civil action, including alleged perjury); *cf. Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (explaining that absolute immunity protects a prosecutor "for virtually all acts," including "allegedly conspiring to present false evidence at a criminal trial"). Accordingly, Leonardo must be dismissed from this action.

4

**Conclusion**

For the foregoing reasons, Chief Judge Alan Trust and Assistant United States Attorney Leonardo are dismissed from this action.

SO ORDERED.

                                            /s/ Eric Komitee
                                           ERIC KOMITEE
                                           United States District Judge

Dated:    April 26, 2023
           Brooklyn, New York